## LOUD v. LOUD.

*Fourth District Court for San Francisco Co., June T.,* 1858.

DIVORCE — DESERTION — PROOF OF — COMPLAINT — VERIFICATION
OF — RESIDENCE.

In an action brought by a wife on the ground of wilful desertion for two years, declarations of the defendant, that he would never again live with his wife, made within that period, will be disregarded.

A divorce sought on the ground of desertion will be denied where no direct and positive proof of the fact of desertion is introduced—the allegation of the bill being sustained only by declarations of defendant, that he would never again live with plaintiff.

*Semble* that a complaint filed to obtain a divorce, is insufficiently verified, where the verification is not made by the plaintiff personally, but by one *A.*, who does not describe himself as attorney or agent of the plaintiff, nor in any way claim to act by her authority or request.

If a husband *deserts* his wife in another state, and she continues to reside in such state, and he comes to this state to reside, then whether his residence in this state would, after such desertion, be hers, *quaere* ?

The necessary facts are fully given in the opinion.

*J. P. Treadwell,* for plaintiff.

Defendant not in court.

HAGER, J.—This action is brought to obtain a divorce and division of the common property, stated to be $20,000, upon the alleged ground of willful desertion for the period of two years.

By the testimony reported, it appears that plaintiff and defendant resided and lived together as man and wife, in *San Francisco,* for some years prior to 1855, when they left, and went to the state of *New Jersey,* where plaintiff still resides, and sometime after, defendant returned to this state.

Only two witnesses have testified on the part of the plaintiff, and none have been introduced by the defendant. In support of the allegation of desertion, one of them testifies that plaintiff and defendant

arrived in *New York* in the fall of 1855, when defendant removed his wife to *New Jersey*, left her there among her friends, and then went to *Boston* and made that place his home during the greater portion of the time he remained at the east ; that, soon after his arrival, defendant declared to witness that he never should live with plaintiff again.

The other witness testifies that in the summer of 1856 he saw defendant in *Boston*, when he declared that he would not live with his wife again.

This action having been instituted in Feburary, 1858, and the declarations, testified to by the last witness, having been made within the two years immediately preceding that time, they do not support the allegation of desertion for two years prior to the commencement of the action.  The granting or refusing this application, then, must depend upon the sufficiency of the testimony of one witness.

By the statute of this state, supplementary to the act concerning divorces, passed April 24, 1857, it is declared that " no divorce shall be granted on the admission or statement of either party, but in all cases the court shall require proof of the facts alleged as the grounds for a divorce," etc.  This statute is simply in affirmance of a well recognized principle of the common law.

Now, in this case there is no proof that defendant did desert his wife, except his own declarations, which, by the law of this state, cannot be received as sufficient evidence of that fact.  It may be true that defendant declared he would never live with his wife again, and such may have been his intention, and yet, for all that, it is within the range of probability, and uncontradicted by the proofs, that he did not strictly adhere to his declared intention.  Declarations are often made under temporary excitement or irritation, which are transitory, and soon pass away.  If he did in fact abandon his wife, as alleged, it was susceptible of direct proof.  It would be impolitic and unwise, as well as in violation of the law of the state, to grant a divorce simply on the ground that a husband declared it was his intention no longer to live with his wife, and in the absence of all proof as to the fact whether he did or did not live with her after that period.

If defendant is liable to the charge of desertion for the period men-

tioned in the statute, it seems to me it would be an easy matter for plaintiff to establish it by some sufficient positive or circumstantial testimony. She must have some friends or acquaintances who are conversant with the facts or circumstances by which the intention to desert was manifested at or subsequent to the time it occurred. Did he ever visit her after he left her in *New Jersey?* Did she ever seek or offer to rejoin him, or call upon for an explanation? Did they meet before he left this state, and what was defendant's manner on such occasion? As to these important inquiries we have no information. There is no evidence that can be received as proof, or any presumption, to sustain the allegation of desertion.

It may also be remarked that, by the same statute above referred to, it is required that in every action for a divorce, the complaint must be verified. This complaint purports to be verified by *William O. Wedgwood.* Who he is, or by what authority he acts, does not appear. He does not describe himself as the attorney or agent of the plaintiff, or in any way claim to act by her authority or request. If I thought it necessary to pass upon the sufficiency of this verification, I should be inclined, from present impressions, to hold it insufficient. It may also be doubted whether the plaintiff has resided in this state for six months immediately preceding her action. If it be true that the husband deserted her while residing in *New Jersey*, and that she still resides there, his residence here would not necessarily be her's after he had in fact abandoned and deserted her there. But the proofs in support of the allegation of desertion being insufficient, the application for a divorce, etc., must be denied.

Decree ordered accordingly.